**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas (State)

Case number (*If known*): ____________ Chapter 11

☑ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name** — America's Car-Mart, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   Car-Mart

3. **Debtor's federal Employer Identification Number** (EIN) — 63-0851141

4. **Debtor's address**

   **Principal place of business**

   1805 North 2nd Street Suite 401
   Number Street

   Rogers AR 72756
   City State ZIP Code

   Benton County
   County

   **Mailing address, if different from principal place of business**

   Number Street

   P.O. Box

   City State ZIP Code

   **Location of principal assets, if different from principal place of business**

   Number Street

   City State ZIP Code

5. **Debtor's website** (URL) — car-mart.com

Debtor America's Car-Mart, Inc. Case number (if known)
Name

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: ______

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5 5 1 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check **all** that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☑ A plan is being filed with this petition.
  - ☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes. District ______ When ______ (MM / DD / YYYY) Case number ______

  District ______ When ______ (MM / DD / YYYY) Case number ______

Debtor America's Car-Mart, Inc.
Name

Case number (*if known*) ____________________

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☑ Yes. Debtor See Rider 1. Relationship ____________
District ____________ When ____________ MM / DD / YYYY
Case number, if known ____________

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? ____________

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ____________

**Where is the property?** ____________
Number Street

____________
City State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency ____________
Contact name ____________
Phone ____________

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor America's Car-Mart, Inc. Case number (if known)
Name

**15. Estimated assets**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☑ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/24/2026
MM / DD / YYYY

✗ [signature]
Signature of authorized representative of debtor

Douglas W. Campbell
Printed name

Title President and Chief Executive Officer

**18. Signature of attorney**

✗ [signature]
Signature of attorney for debtor

Date 11/24/2026
MM / DD / YYYY

Charles S. Kelley
Printed name

Mayer Brown LLP
Firm name

700 Louisiana Street, Suite 3400
Number Street

Houston TX 77002-2730
City State ZIP Code

(713)238-3000
Contact phone

ckelley@mayerbrown.com
Email address

11199580 TX
Bar number State

Official Form 201A (12/15)

*[If debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

*[Caption as in Form 416B]*

# Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is 0-14939.

2. The following financial data is the latest available information and refers to the debtor's condition on July 31, 2026

a. Total assets $ 1,206,139,000

b. Total debts (including debts listed in 2.c., below) $ 829,259,000

c. Debt securities held by more than 500 holders N/A

| | | | | Approximate number of holders: |
|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | |

d. Number of shares of preferred stock None outstanding.

e. Number of shares common stock 8,329,512

Comments, if any:

3. Brief description of debtor's business: America's Car-Mart is one of the largest publicly held automotive retailers in the United States focused exclusively on the "Integrated Sales Auto Sales and Finance" segment of the used car market. The company primarily sells older model used vehicles and provides financing for substantially all of its customers.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

Magnolia Capital Fund, LP/The Magnolia Group LLC, Silver Point Capital, Nantahala Capital Management, LLC; Massachusetts Institute of Technology, Ameriprise Financial Inc.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| America's Car-Mart, Inc., | ) | Case No. [XX-XXXXX] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Bankruptcy Rules 1007(a)(1) and 7007.1, the above-captioned debtor and debtor in possession (the "Debtor") states that no corporation, other than a governmental unit, directly or indirectly owns 10% or more of any class of the Debtor's equity interests, and that there are no entities to report under such rules.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| America's Car-Mart, Inc., | ) | Case No. [XX-XXXXX] (___) |
| | ) | |
| Debtor. | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Nantahala Capital Management, LLC | 130 Main Street, 2nd Floor New Canaan, CT 06840 | 7.69% |
| MIT Investments 2010, LP / Massachusetts Institute of Technology Basic Retirement Plan Trust and Massachusetts Institute of Technology Welfare Benefit Plan Trust / Massachusetts Institute of Technology | One Broadway, 9th Floor, Suite 200, Cambridge, Massachusetts 02142 / 77 Massachusetts Avenue, Cambridge, Massachusetts 02139 | 7.21% |
| Ameriprise Financial Inc. | 145 Ameriprise Financial Center, Minneapolis, MN 55474 / 290 Congress Street, Boston, MA 02210 | 6.86% |
| Magnolia Capital Fund, LP / The Magnolia Group, LLC | 1601 Dodge Street, Suite 3300 Omaha, NE 68102 | 6.79% |

[1] This list reflects holders of five percent or more of America's Car-Mart, Inc.'s common stock. This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of these Chapter 11 Cases. By the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing Debtors To File A Consolidated (A) Creditor Matrix And (B) Top 30 Creditors List; (II) Waiving the Requirement to File a List of, and Provide Notice Directly to, Equity Security Holders; (III) Authorizing Redaction Of Certain Personally Identifiable Information; and (IV) Granting Related Relief*, filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity holders.

**AMERICA'S CAR-MART, INC.**

**Secretary's Certificate**

November 23, 2026

The undersigned does hereby certify, on behalf of America's Car-Mart, Inc., a Texas corporation (the "Company"), and solely in his capacity as the Secretary of the Company, that:

1. The undersigned is the duly appointed and authorized Secretary of the Company;

2. Attached hereto as Exhibit A is a true, complete and correct copy of the resolutions (the "Resolutions") of the board of directors of the Company (the "Board of Directors"), duly adopted by the Board of Directors at a meeting held on November 23, 2026, which, among other things, authorizes the Company to file, or cause to be filed, a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas; and

3. The Resolutions have not been amended, rescinded or modified since their adoption and remain in full force and effect as of the date hereof.

[*Remainder of page left intentionally blank. Signature page follows.*]

IN WITNESS WHEREOF, the undersigned has executed this Certificate as of the date first above written.

**AMERICA'S CAR-MART, INC.**

DocuSigned by:
Brett Papasan
By: F134CA1DA29E459...
Name: Brett Papasan
Title: Secretary

**Exhibit A**

The following resolutions were duly adopted at a meeting of the members of the Board of Directors (the "Board") of America's Car-Mart, Inc., a Texas Corporation (the "Corporation"), held on November 23, 2026 at which a quorum was present in accordance with the Bylaws of the Corporation:

WHEREAS, the Board has reviewed and considered the financial and operational condition of the Corporation and the Corporation's business on the date hereof, including the historical performance of the Corporation, the assets of the Corporation, the current and long-term liabilities of the Corporation and credit market conditions;

WHEREAS, the Board has had the opportunity to consult with the management (the "Management") and the financial and legal advisors to the Corporation (the "Advisors") and fully consider each of the strategic alternatives available to the Corporation, including making a voluntary petition for relief under the provisions of chapter 11 ("Chapter 11") of Title 11 of the United States Code (the "Bankruptcy Code"), and the Board has considered the terms and conditions of a proposed Asset Purchase Agreement (together with all exhibits, schedules and ancillary documents thereto, the "Asset Purchase Agreement"), by and among the Corporation and certain of its subsidiaries, Cardinal Finance LLC, a Arkansas limited liability company, ACM-AR Inc., a Arkansas corporation, ACM Finance Inc., a Arkansas corporation, Cardinal Asset Holdings LLC and Claypool Holdings, LLC, a Georgia limited liability company; and

WHEREAS, after careful deliberation and consideration of such strategic alternatives, the Board has determined, in its business judgment, that the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and the entry into the Asset Purchase Agreement are in the best interests of the Corporation, its estate, creditors, stockholders and other parties in interest.

***Filing and Prosecution of Bankruptcy Case***

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of the Board, with the advice of the Management and Advisors, it is desirable and in the best interests of the Corporation (including consideration of its estate, creditors, stockholders and other parties in interest) that the Corporation shall be, and hereby is, authorized to file, or cause to be filed, the Chapter 11 Case in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"); and

FURTHER RESOLVED, that the Chief Executive Officer, the Vice President, or any other duly appointed officer of the Corporation (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Corporation, all petitions, schedules, lists, retention of professionals, and other motions, papers, and documents, to take any and all actions that they and the Advisors deem necessary or proper to obtain relief under the provisions of Chapter 11, including, without limitation, any action necessary to maintain the ordinary course operation of the Corporation's business, and to execute, deliver and

perform, and cause the Corporation to perform its obligations under, the Asset Purchase Agreement and all other agreements, instruments and documents contemplated thereby.

***Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection***

RESOLVED, that the Corporation will obtain benefits from the incurrence of debtor-in-possession financing obligations (the "DIP Financing") in the form, terms and provisions of the agreement (the "DIP Credit Agreement") to be entered into by the Corporation, certain of its affiliates and Silver Point Finance, LLC, as administrative agent and collateral agent (the "DIP Agent"), and the lenders from time to time thereunder (the "DIP Lenders");

FURTHER RESOLVED, that in order to use and obtain the benefits of (a) the DIP Financing and (b) cash collateral, and in accordance with section 363 of the Bankruptcy Code, the Corporation will provide certain protections to the DIP Agent and the DIP Lenders, as documented in the proposed interim and final orders (collectively, the "DIP Orders") reviewed by the Board and submitted for approval to the Bankruptcy Court;

FURTHER RESOLVED, that the form, terms, and provisions of the DIP Credit Agreement, the DIP Orders, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Corporation is or will be a party, including, but not limited to, any security and pledge agreement, guaranty agreement or other Credit Document (as defined in the DIP Credit Agreement) (collectively with the DIP Credit Agreement and the DIP Orders, the "DIP Credit Documents"), to which the Corporation is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories be, and hereby is, authorized and empowered, in the name of and on behalf of the Corporation, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Credit Documents, incur and pay or cause to be paid all authorized fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the Authorized Signatories executing the same shall approve, such approval to be conclusively evidenced by such Authorized Signatories' execution and delivery thereof;

FURTHER RESOLVED, that the Corporation, as a debtor and debtor in possession under the Bankruptcy Code, be, and hereby is, authorized to undertake any and all related transactions with the DIP Agent, the DIP Lenders and their affiliates on substantially the same terms as contemplated under the DIP Credit Documents (collectively, the "DIP Transactions"), including granting liens on its assets to secure such obligations;

FURTHER RESOLVED, that the Authorized Signatories be, and hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Corporation, as a debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including execution and delivery of (a) the DIP Credit Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent; and (c) such deposit account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Credit Documents;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Corporation to file or to authorize the DIP Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Corporation that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Credit Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all assets of the debtor, whether now owned or existing or at any time hereafter acquired or arising and wheresoever located, and all proceeds and products thereof" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Corporation and such other filings in respect of intellectual and other property of the Corporation, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Credit Documents and/or the DIP Orders;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Corporation to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the DIP Transactions and all fees and expenses incurred by or on behalf of the Corporation in connection with the foregoing resolutions, which shall in their sole judgment be necessary, proper, or advisable to perform the Corporation's obligations under or in connection with the DIP Credit Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Corporation to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Documents which shall in their sole judgment be necessary, proper, or advisable; and

FURTHER RESOLVED, that all acts and actions taken by the Authorized Signatories prior to the date hereof with respect to the transactions contemplated by the DIP Credit Documents be, and hereby are, in all respects confirmed, approved, and ratified.

***Retention of Professionals***

RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, authorized and directed to continue to employ the law firm of Mayer Brown LLP ("Mayer Brown") as general bankruptcy counsel to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take, at the direction of the Authorized Signatories acting singly or jointly, any and all actions to advance the Corporation's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the Authorized Signatories, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Mayer Brown;

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, authorized and directed to continue to employ the firm of FTI Consulting, Inc. ("FTI") as financial advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions, at the direction of the Authorized Signatories acting singly or jointly, to advance the Corporation's rights and obligations, and in connection therewith, the Authorized Signatories, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of FTI;

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, authorized and directed to continue to employ the firm of Houlihan Lokey Capital, Inc. ("HL") as investment banker to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions, at the direction of the Authorized Signatories acting singly or jointly, to advance the Corporation's rights and obligations, and in connection therewith, the Authorized Signatories, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of HL; and

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Corporation's Chapter 11 Case, with a view to the successful prosecution of such case.

***General Authorizing Resolutions***

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the

Corporation, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that the Board has received sufficient notice of, and advice relating to, the actions and transactions relating to the matters contemplated by the foregoing resolutions as may be required by the organizational documents of the Corporation, or hereby waives any right to have received such notice or advice;

FURTHER RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board;

FURTHER RESOLVED, that the actions and transactions described herein (i) are necessary and convenient to the conduct, promotion and attainment of the business of the Corporation, (ii) may reasonably be expected to benefit the Corporation, directly or indirectly, and (iii) are fair to, and in the best interest of, the Corporation (including consideration of its estate, creditors, stockholders and other parties in interest); and

FURTHER RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take any and all actions or to refrain from taking any action in the name of the Corporation with respect to the transactions contemplated by these resolutions, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated hereby.

* * * *

| Fill in this information to identify the case: |
|---|
| Debtor name America's Car-Mart, Inc., et al. |
| United States Bankruptcy Court for the: Southern District of Texas (State) |
| Case number (If known): |

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | American Risk Services, LLC<br>1130 Congress Ave<br>Cincinnati, OH 45246 | Anthony Farro<br>877-313-7301<br>afarro@americanriskservices.com | Unsecured Debt | Unliquidated | | | $1,154,493.09 |
| 2 | Palantir Technologies Inc.<br>19505 Biscayne Boulevard, Suite 2350<br>Aventura, FL 33180 | Accounts Receivable<br>650-252-0276<br>accountsreceivable@palantir.com | Unsecured Debt | | | | $626,497.29 |
| 3 | Westside Credit Corporation<br>1619 Williams Blvd<br>Kenner, LA 70062 | | Unsecured Debt | Unliquidated | | | $583,950.00 |
| 4 | Manheim Auctions, LLC<br>6205 Peachtree Dunwoody Rd.<br>Atlanta, GA 30328 | Manheim Client Care<br>866-626-4346<br>404-762-9211 | Unsecured Debt | Unliquidated | | | $490,282.50 |
| 5 | Vargas Auto Sales, LLC<br>5897 Plain View Hwy<br>Dunn, NC 28334 | 512-705-8849 | Unsecured Debt | Unliquidated | | | $253,425.00 |
| 6 | Optro, Inc.<br>103 Foulk Road, Suite 202<br>Wilmington, DE 19803 | 877-769-5444<br>accountsreceivable@optro.ai | Unsecured Debt | Unliquidated | | | $248,250.00 |
| 7 | Presidio Holdings Inc.<br>PENN 1<br>1 Pennsylvania Plaza, Suite 3901<br>New York, NY 10119 | 512-705-8849 | Unsecured Debt | Unliquidated | | | $183,937.50 |
| 8 | America's Auto Auction - Austin<br>16611 S Interstate 35<br>Buda, TX 78610 | | Unsecured Debt | Unliquidated | | | $174,390.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Advance Auto Parts, Inc.<br>4200 Six Forks Road<br>Raleigh, NC 27609 | Commercial Customer Support team<br>877-280-5965<br>service@advanceautoparts.com | Unsecured Debt | Unliquidated | | | $118,658.99 |
| 10 | Take 5 Oil Change, LLC<br>440 S Church St #700<br>Charlotte, NC 28202 | 903-792-0541<br>remit@myfleetcenter.com | Unsecured Debt | Unliquidated | | | $107,652.03 |
| 11 | SHI International Corp.<br>290 Davidson Avenue, Somerset, NJ 08873 | 888-235-3871 | Unsecured Debt | Unliquidated | | | $107,458.53 |
| 12 | JP Capital Auto Sales<br>P.O. Box 2903<br>Hot Springs, AR 71914 | | Unsecured Debt | Unliquidated | | | $105,056.26 |
| 13 | CarMax Enterprise Services, LLC<br>(dba CarMax Auctions)<br>12800 Tuckahoe Creek Parkway<br>Richmond, VA 23238 | | Unsecured Debt | Unliquidated | | | $104,200.10 |
| 14 | The Reynolds and Reynolds Company<br>One Reynolds Way<br>Dayton, OH 45430 | | Unsecured Debt | Unliquidated | | | $78,476.49 |
| 15 | Automax Motors LLC<br>503 S 11 St<br>McAllen, TX 78501 | | Unsecured Debt | Unliquidated | | | $73,725.00 |
| 16 | Valvoline Inc.<br>100 Valvoline Way, Suite 200<br>Lexington, KY 40509 | Jeanie Powell<br>859-279-6188<br>jeanie.powell@valvoline.com | Unsecured Debt | Unliquidated | | | $60,663.27 |
| 17 | MeridianLink, Inc.<br>1 Venture, Suite 235<br>Irvine, CA 92618 | 714-662-9526<br>accountsreceivable@meridianlink.com | Unsecured Debt | Unliquidated | | | $52,100.88 |
| 18 | XL Parts LLC<br>15701 Northwest Freeway<br>Houston, TX 77040 | | Unsecured Debt | Unliquidated | | | $44,109.39 |
| 19 | Arkansas Soccer Holdings, LLC<br>709 Golders Green<br>Cave Springs, AR, 72718 | finance@ozarkunited.com | Unsecured Debt | | | | $42,500.00 |
| 20 | Spireon, Inc.<br>18881 Von Karman Ave, Suite 1500<br>Irvine, CA 92612 | Rob Honkomp<br>563-663-6831<br>rob.honkomp@solera.com | Unsecured Debt | Unliquidated | | | $39,815.46 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | AutoZone Stores LLC<br>PO Box 2198, Dept. 8088<br>Memphis, TN 38101-2198 | Angelita Carwell<br>angelita.carwell@autozone.com<br>Russell Church<br>russell.church@autozone.com<br>901-626-4321 | Unsecured Debt | Unliquidated | | | $38,308.29 |
| 22 | Wisconsin Quick Lube, Inc.<br>7447 University Ave, Suite 201<br>Middleton, WI 53562 | 918-828-0530<br>remit@myfleetcenter.com | Unsecured Debt | Unliquidated | | | $37,594.19 |
| 23 | Presidio Networked Solutions LLC<br>1 Penn Plaza, Suite 3901<br>New York, NY 10119 | Pranov Roy<br>781-970-6511<br>proy@presidio.com | Unsecured Debt | Unliquidated | | | $36,927.83 |
| 24 | Eloy Auto Repair<br>10107 Mountain Quail Rd<br>Austin, TX 78758 | | Unsecured Debt | Unliquidated | | | $36,510.00 |
| 25 | Centric Consulting, LLC<br>10564 Success Ln, Suite D<br>Dayton, OH 45458 | 888-781-7567<br>allison.mccomic@centricconsulting.com | Unsecured Debt | Unliquidated | | | $36,000.00 |
| 26 | Arnold Oil Company of Austin LP<br>P.O. Box 18089<br>Austin, TX 78760 | | Unsecured Debt | Unliquidated | | | $33,864.11 |
| 27 | Confiz LLC<br>3120 139th Avenue Southeast,<br>Suite 500<br>Bellevue, WA 98005 | 425-365-0857 | Unsecured Debt | Unliquidated | | | $32,376.00 |
| 28 | Keystone Automotive Industries, Inc.<br>44 Tunkhannock Ave<br>Exeter, PA 18643 | | Unsecured Debt | Unliquidated | | | $31,906.62 |
| 29 | Savage Towing & Recovery, Inc.<br>207 E 19th St SW<br>Rome, GA 30161 | 706-331-8280<br>info@savage-recovery.com | Unsecured Debt | Unliquidated | | | $30,750.00 |
| 30 | Manheim Remarketing, Inc.<br>6205 Peachtree Dunwoody Road<br>Atlanta, GA 30328 | Manheim Client Care<br>866-626-4346<br>404-762-9211 | Unsecured Debt | | | | $27,936.90 |

**RIDER 1**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion with the Court requesting that their chapter 11 cases be consolidated for procedural purposes only and jointly administered.

| Entity Name | Federal Employee Identification Number (EIN) |
|---|---|
| America's Car-Mart, Inc. | 63-0851141 |
| Colonial Auto Finance, Inc. | 71-0863258 |
| Texas Car-Mart, Inc. | 46-0463909 |
| America's Car Mart, Inc. | 71-0791606 |
| Colonial Underwriting, Inc. | 71-0863159 |
| Auto Finance Investor, Inc. | 04-3591385 |

**Fill in this information to identify the case and this filing:**

Debtor Name Americas Car-Mart, Inc.

United States Bankruptcy Court for the: Southern District District of Texas (State)

Case number (*If known*): ____________

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration Corporate Ownership Statement, List of Equity Security Holders, and Official Form 201A

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/24/2026
MM / DD / YYYY

✘ [signature]
Signature of individual signing on behalf of debtor

DOUGLAS W. CAMPBELL
Printed name

PRESIDENT
Position or relationship to debtor